**LAQUER, URBAN, CLIFFORD & HODGE LLP**
Marija Kristich Decker, State Bar No. 207387
  Email: Decker@luch.com
225 South Lake Avenue, Suite 200
Pasadena, California  91101-3030
Telephone: (626) 449-1882
Facsimile: (626) 449-1958

Counsel for Plaintiffs, Trustees of the
Operating Engineers Pension Trust, et al.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST, TRUSTEES OF THE OPERATING ENGINEERS HEALTH AND WELFARE FUND, TRUSTEES OF THE OPERATING ENGINEERS VACATION-HOLIDAY SAVINGS TRUST, TRUSTEES OF THE OPERATING ENGINEERS TRAINING TRUST, FUND FOR CONSTRUCTION INDUSTRY ADVANCEMENT, ENGINEERS CONTRACT COMPLIANCE COMMITTEE FUND, CONTRACT ADMINISTRATION FUND, TRUSTEES OF THE OPERATING ENGINEERS LOCAL 12 DEFINED CONTRIBUTION PLAN, SOUTHERN CALIFORNIA PARTNERSHIP FOR JOBS FUND, and OPERATING ENGINEERS WORKERS' COMPENSATION TRUST<br><br>            Plaintiffs,<br><br>     vs.<br><br>SMITH-EMERY COMPANY, a California corporation,<br><br>            Defendant. | CASE NO.:  2:19-cv-4058<br><br>**COMPLAINT FOR BREACH OF WRITTEN COLLECTIVE BARGAINING AGREEMENTS AND VIOLATION OF ERISA § 515 [29 U.S.C. § 1145]** |

1
COMPLAINT

1335848

Plaintiffs TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST, TRUSTEES OF THE OPERATING ENGINEERS HEALTH AND WELFARE FUND, TRUSTEES OF THE OPERATING ENGINEERS VACATION-HOLIDAY SAVINGS TRUST, TRUSTEES OF THE OPERATING ENGINEERS TRAINING TRUST, FUND FOR CONSTRUCTION INDUSTRY ADVANCEMENT, ENGINEERS CONTRACT COMPLIANCE COMMITTEE FUND, CONTRACT ADMINISTRATION FUND, TRUSTEES OF THE OPERATING ENGINEERS LOCAL 12 DEFINED CONTRIBUTION PLAN, SOUTHERN CALIFORNIA PARTNERSHIP FOR JOBS FUND, and OPERATING ENGINEERS WORKERS' COMPENSATION TRUST complain and allege:

## CAUSE OF ACTION FOR BREACH OF WRITTEN COLLECTIVE BARGAINING AGREEMENT AND VIOLATION OF ERISA § 515

### JURISDICTION AND VENUE

1. This Court has jurisdiction of this case pursuant to section 502(e)(1) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA") [29 U.S.C. § 1132(e)(1)], which grants the United States District Courts exclusive jurisdiction over civil actions brought by a fiduciary pursuant to section 502(a)(3) of ERISA [29 U.S.C. § 1132(a)(3)], to redress violations or enforce the terms of ERISA or an employee benefit plan governed by ERISA. Such jurisdiction exists without respect to the amount in controversy or the citizenship of the parties, as provided in section 502(f) of ERISA [29 U.S.C. § 1132(f)].

2. This Court also has jurisdiction of this case pursuant to section 301(a) of the Labor Management Relations Act of 1947, as amended ("LMRA") [29 U.S.C. § 185(a)], which grants the United States District Courts original jurisdiction over suits for violation of contracts between an employer and a labor organization in an industry affecting commerce, without respect to the amount in controversy and the citizenship of the parties.

3. Venue is proper in this Court pursuant to section 502(e)(2) of ERISA [29 U.S.C. § 1132(e)(2)], and section 301(a) of the LMRA [29 U.S.C. § 185(a)], in that this is the district in which the Plaintiffs' Trusts (defined below) are administered, the signatory union maintains union offices, and where the contractual obligation is to be paid.

4. To the extent this Complaint sets forth any state law claims, this Court has supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367(a).

## PARTIES

5. Plaintiffs, Trustees of the Operating Engineers Pension Trust, Trustees of the Operating Engineers Health and Welfare Fund, Trustees of the Operating Engineers Vacation-Holiday Savings Trust, Trustees of the Operating Engineers Training Trust, and Trustees of the Operating Engineers Local 12 Defined Contribution Plan (collectively, the "Trustees") are the trustees of five express trusts (the "Trusts") created pursuant to written declarations of trust (the "Trust Agreements") between the International Union of Operating Engineers, Local Union No. 12, ("Local 12") and various multiemployer associations in the construction industry in Southern California and Southern Nevada. The Trusts are now, and were at all times material to this action, labor-management multiemployer trusts created and maintained pursuant to section 302(c)(5) of the LMRA [29 U.S.C. § 186(c)(5)]. The Trustees, as trustees of the Trusts, are "fiduciar[ies]" with respect to the Trusts as defined in section 3(21)(A) of ERISA [29 U.S.C. § 1002(21)(A)]. Plaintiff Fund for Construction Industry Advancement is an employer established and administered trust formed and created to protect and expand the interests of the construction industry. Plaintiff Engineers Contract Compliance Committee Fund is established by Local 12 in accordance with Section 6(b) of the Labor Management Cooperation Act of 1978 in order to improve job security and organizational effectiveness. Plaintiff Contract Administrative Fund is an employer established fund for the purpose of protecting and promoting the interests and welfare of the construction industry, its individual

employers, and employees.  Plaintiff Southern California Partnership for Jobs Fund is an industry-wide advancement fund established by the employers and Local 12. Plaintiff Operating Engineers Workers' Compensation Trust is a trust fund established by Local 12 and certain employers to administer worker's compensation benefits. Collectively, all plaintiffs are referred to herein as the "Plaintiffs."

6. At all times material herein, Local 12 has been a labor organization representing employees in the building and construction industry in Southern California and Southern Nevada, and a labor organization representing employees in an industry affecting commerce within the meaning of § 301(a) of the Labor-Management Relations Act of 1947, as amended [29 U.S.C. § 185(a)].

7. Plaintiffs are informed and believe, and thereon allege, that at all times material herein, defendant Smith-Emery Company, a California corporation ("Smith-Emery") has been a corporation duly organized and existing by virtue of the laws of the State of California, with its principal place of business located in Los Angeles, California.

**BARGAINING AGREEMENTS AND STATUS OF PARTIES**

8. On or about September 23, 2014, Smith-Emery executed and delivered to Local 12 a written collective bargaining agreement ("Agreement").

9. On or about March 6, 2017, the Southern California Contractor's Association ("SCCA") notified Local 12 in writing that Smith-Emery was a member of the SCCA and that Smith-Emery had assigned bargaining authority for the Master Inspection Field Soil and Material Testing Agreement ("Master Inspection Agreement") to the SCCA as its representative.  As of on or about March 6, 2017, Smith-Emery is bound to the terms and provisions of the Master Inspection Agreement. The Master Inspection Agreement is a valid and effective written collective bargaining agreement between the SCCA and Local 12.

10. On or about June 2, 1998, Smith-Emery signed written acknowledgments and acceptances of each of the Trust Agreements.

11. At all times material herein, Smith-Emery has been obligated to the terms and provisions of the Agreement, the Master Inspection Agreement, and the Trust Agreements.

12. Smith-Emery is an "*employer,*" as that term is understood in the Agreements and related Trust Agreements.

13. Smith-Emery is an "*employer*" as defined and used in section 3(5) of ERISA [29 U.S.C. § 1002(5)], and therefore, Smith-Emery is "*obligated to make contributions to a multiemployer plan*" within the meaning of section 515 of ERISA [29 U.S.C. § 1145]. Plaintiffs are informed and believe, and thereon allege, that Smith-Emery is also an "*employer*" engaged in "*commerce*" in an "*industry affecting commerce,*" as those terms are defined and used in sections 501(1) and 501(3) of the LMRA [29 U.S.C. § 142(1) and § 142(3)], and within the meaning and use of section 301(a) of the LMRA [29 U.S.C. § 185(a)].

## CLAIM FOR RELIEF

*Breach of Written Collective Bargaining Agreements and Violation of § 515 of ERISA [29 U.S.C. § 1145]*

14. Plaintiffs hereby incorporate by reference paragraphs 1 through 13 above to the same effect as if set forth here verbatim.

15. Section 515 of ERISA [29 U.S.C. § 1145], provides *"[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."*

16. Smith-Emery is an "*employer*" as defined and used in § 3(5) of ERISA [29 U.S.C. § 1002(5)], and is *"obligated to make contributions to a multiemployer plan"* within the meaning and use of section 515 of ERISA [29 U.S.C. § 1145].

17. By the terms and provisions of the Agreement, the Master Inspection Agreement, and Trust Agreements, and at all times material herein:

(A) Smith-Emery agreed to prepare and submit true, complete and accurate written monthly contribution reports ("Monthly Reports") to Plaintiffs on a timely basis showing the identities of its employees performing work covered by the Agreement and Master Inspection Agreement, the number of hours worked by or paid to these employees, and based upon the hours worked or amounts paid to employees, the proper calculation of the fringe benefit contributions and other amounts due for such employees. At all times material herein, Smith-Emery has been obligated to submit its Monthly Reports and pay its contributions to the Plaintiffs at their place of business in Pasadena, California, on or before the 10th day of each successive month;

(B) Smith-Emery agreed to permit the Plaintiffs and their agents to conduct audits of payroll and related records in order to determine if fringe benefit contributions and other amounts due have been properly paid pursuant to the Agreement, Master Inspection Agreement, and related Trust Agreements;

(C) Smith-Emery agreed to pay to the Plaintiffs fringe benefit contributions, benefits and/or withholdings on a monthly basis, and at specified rates for each hour worked by, or paid to, applicable employees. Under the Agreement, with respect to the Health and Welfare Fund, Smith-Emery agreed to pay a flat rate contribution per month to the Health and Welfare Fund for employees working in excess of 125 hours in each month. Under the Agreement, with respect to employees working 125 hours or less in a month, Smith-Emery agreed to pay an hourly rate for each hour worked or paid to employees to the Health and Welfare Fund. Once Smith-Emery became obligated to make contributions pursuant to the Master Inspection Agreement, the obligation to make a flat rate contribution to the Health and Welfare Fund ceased. Contributions were then based on an hourly rate for each hour worked or paid to employees. These amounts are due and payable at the Trusts' administrative offices in Pasadena, California; and

(D) Smith-Emery agreed not to sublet (i.e. subcontract) any part or portion of its work covered by the Agreement and Master Inspection Agreement to

any other non-signatory Employer of Sub-Employer, or independent contractors, or use any of its supervisors or other non-bargaining unit personnel in the performance of such work, without paying amounts equivalent to the fringe benefit contributions that should have been paid had the work been performed by employees.

18.  Plaintiffs are informed and believe, and thereon allege, that for the time period of April 1, 2015, through the present, Smith-Emery violated its collective bargaining agreements with Local 12 by, among other things, subletting inspection and testing work to non-signatory Employers and Sub-Employers, independent contractors, and other non-bargaining unit personnel who did not pay the appropriate fringe benefit contributions to the Trust Funds, as evidenced by a review of limited business records of Smith-Emery.  Plaintiffs are informed and believe that these individuals and entities include, but are not limited to:  Smith-Emery International, E. Smith Engineering, Smith Emery Laboratories, Inc., West Coast Inspection, Smith-Emery San Francisco, Inspection Technologies, Franklin Inspection, and David Burbidge.  Smith-Emery owes the Trust Funds damages in amounts equal to the fringe benefit contributions that should have been paid if Smith-Emery had used its own employees to perform the above-referenced covered work.  Plaintiffs further allege that Smith-Emery has underpaid fringe benefit contributions to the Trust Funds on behalf of its employees performing covered work based upon the hours worked or paid to the employees.  The exact amount of contributions and/or contract damages due and owing by Smith-Emery to the Trust Funds has not been ascertained at this time.  These amounts will be established by proof at the trial herein.  The amounts are due and payable at the Trust Funds' administrative offices in Pasadena, California.

19.  Plaintiffs further allege that Smith-Emery has breached its collective bargaining agreements and the related Trust Agreements, in that Smith-Emery has failed and refused to produce the necessary documents to permit an authorized representative of the Trustees to complete an audit of Smith-Emery's payroll and related business records for the time period of April 1, 2015, through the present.  Due

to Smith-Emery's failure and refusal to submit the documents and allow the Plaintiffs to complete an audit of its payroll and related records, the exact amount of the fringe benefit contributions and/or other amounts due and owing has not been ascertained at this time. These amounts will be established by proof.

20. Smith-Emery is a "*delinquent*," as that term is used in the Agreement, Master Inspection Agreement, and related Trust Agreements.

21. Plaintiffs are informed and believe, and thereon allege, that there is no legal excuse for Smith-Emery's breach of its obligations under the Agreement, Master Inspection Agreement, and related Trust Agreements in violation of section 515 of ERISA [29 U.S.C. § 1145].

22. Smith-Emery has failed to timely pay contributions and other amounts owed to Plaintiffs, accruing since April 1, 2015. Pursuant to the Agreement and Master Inspection Agreement, Smith-Emery agreed that in the event Smith-Emery failed to pay fringe benefit contributions or otherwise comply with the terms and provisions of the Agreement, Master Inspection Agreement, and related Trust Agreements, Smith-Emery would be considered delinquent with the Trusts and would pay Plaintiffs the greater of $25.00 per month or ten percent (10%) of the total amount then due as liquidated damages for each delinquency.

23. Pursuant to section 502(g)(2) of ERISA [29 U.S.C. § 1132(g)(2)], in any action by a fiduciary in which judgment is found in favor of the plan, the Court shall award the plan: (i) the unpaid contributions, (ii) interest on the unpaid contributions, (iii) an amount equal to the greater of (a) interest on the unpaid contributions or (b) liquidated damages provided for under the plan in an amount not in excess of 20% (or such higher percentage as may be permitted under federal or state law) of the amount determined by the Court to be unpaid contributions, (iv) reasonable attorneys' fees and costs, and (v) such other legal or equitable relief as the Court deems appropriate. For purposes of section 502(g)(2) of ERISA [29 U.S.C. § 1132(g)(2)], interest on unpaid contributions shall be determined by using the rate provided under the plan or,

if none, the rate prescribed under section 6621 of the Internal Revenue Code of 1986, as amended, 26 U.S.C. § 6621.

24. Pursuant to the Agreement, Master Inspection Agreement, the related Trust Agreements, and section 502(g)(2)(C) of ERISA [29 U.S.C. § 1132(g)(2)(C)], Smith-Emery owes Plaintiffs liquidated damages in amounts that will be established by proof.

25. Pursuant to the Agreement, Master Inspection Agreement, the related Trust Agreements, and section 502(g)(2)(B) of ERISA [29 U.S.C. § 1132(g)(2)(B)], Smith-Emery owes Plaintiffs interest from the respective due dates on all unpaid fringe benefit contributions and other amounts due. The exact amount of interest owed by Smith-Emery to Plaintiffs will be established by proof.

26. By the Agreement, Master Inspection Agreement, and related Trust Agreements, Smith-Emery agreed to pay Plaintiffs all legal and auditing costs in connection with the collection of any delinquency, whether incurred before or after litigation is, or was, commenced.

27. It has been necessary for Plaintiffs to incur auditing expenses and engage legal counsel for the purpose of collecting said contributions and damages, and Plaintiffs are entitled to their auditing costs and reasonable attorneys' fees in connection therewith pursuant to the Agreement, Master Inspection Agreement, the Trust Agreements, and section 502(g)(2)(D) of ERISA [29 U.S.C. § 1132(g)(2)(D)]. The exact amount of the auditing expenses and legal fees due and payable has not been ascertained at this time. These amounts shall be established by proof.

28. Pursuant to section 502(g)(2)(E) of ERISA [29 U.S.C. § 1132(g)(2)(E)], the Court may grant such other legal or equitable relief as the Court deems appropriate. As part of the Plaintiffs' judgment, Plaintiffs shall request the Court to:

(A) Order Smith-Emery to post and deliver either a good faith deposit, or a performance bond issued in favor of Plaintiffs in an amount determined by the Court to be appropriate, and

(B) Order the creation of a constructive trust on all applicable property and order the transfer of the applicable property to Plaintiffs, and

(C) Order Smith-Emery to pay to Plaintiffs all amounts due to Plaintiffs, including, but not limited to, the unpaid contributions, other damages for breach of contract, legal fees, and other expenses and damages incurred.

## PRAYER

**WHEREFORE**, as to all Claims for Relief, Plaintiffs pray for judgment against Smith-Emery Company, as follows:

1. For unpaid fringe benefit contributions and other damages for breach of contract in amounts as proved;

2. For liquidated damages in amounts as proved;

3. For interest in amounts as proved;

4. For audit costs in amounts as proved;

5. For reasonable attorneys' fees and costs of suit incurred, in amounts as proved;

6. For a good faith deposit or performance bond in favor of Plaintiffs in an amount equal to the total amount determined by this Court to be due to Plaintiffs, as proved; and

7. For such additional relief as this Court deems just and proper.

Dated: May 9, 2019         Respectfully Submitted,

LAQUER URBAN CLIFFORD & HODGE LLP

By: */S/- Marija Kristich Decker*
   Marija Kristich Decker
Counsel for Plaintiffs, Trustees of the Operating
Engineers Pension Trust, et al.

## **WAIVER OF JURY TRIAL**

Plaintiffs hereby waive a jury trial in this action.

Dated: May 9, 2019       LAQUER URBAN CLIFFORD & HODGE LLP

By: */S/ Marija Kristich Decker*
      Marija Kristich Decker
Counsel for Plaintiffs, Trustees of the Operating Engineers Pension Trust, et al.