UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:19-cv-04058-CAS-AFMx | Date | October 27, 2021 |
|---|---|---|---|
| Title | Trustees of the Operating Engineers Pension Trust et al v. Smith-Emery Company | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs: Attorneys Present for Defendants:

Not Present  Not Present

**Proceedings:** (IN CHAMBERS) - PLAINTIFFS' EX PARTE APPLICATION FOR A MODIFICATION OF SCHEDULING ORDER RE: TRIAL, PRE-TRIAL CONGERENCE, AND OTHER DEADLINES (Dkt. 92, filed on October 19, 2021)

## I.   INTRODUCTION & BACKGROUND

This case is the latest iteration of a labor dispute between plaintiff trustees ("Trustees") that administer several trusts and funds ("Trust Funds") that provide benefits to members of the International Union of Operating Engineers, Local Union No. 12 ("Local 12"), on the one hand, and Smith-Emery Company ("Smith-Emery"), a California corporation that performs construction tests and inspections, on the other. In broad terms, the dispute concerns allegations that Smith-Emery has failed, over the course of many years, to make payments into certain trusts for the benefit of Local 12 members employed by Smith-Emery, which the Trustees allege is required by labor agreements between Smith-Emery (or its bargaining agents) and Local 12.

Trustees initiated this latest action on May 9, 2019 by filing a complaint against Smith-Emery in this Court. See Dkt. 1 ("Compl."). The complaint states a single claim for relief for breach of collective bargaining agreements, and violation of the Employee Retirement Security Act of 1974 ("ERISA"). Compl. ¶¶ 14-28. Smith-Emery filed an answer on July 15, 2019, asserting 13 affirmative defenses, and attached a countercomplaint stating a single claim for relief, a request for a declaration pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, that the Trustees' claims "to recover pension, health and welfare contributions and other employee benefits under [Smith-Emery's] labor contracts with [Local 12]" are foreclosed by (1) "state public safety laws regulating the building and construction industry" (the "Illegality Defense"), and (2)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**         'O'

| Case No. | 2:19-cv-04058-CAS-AFMx | Date | October 27, 2021 |
|---|---|---|---|
| Title | Trustees of the Operating Engineers Pension Trust et al v. Smith-Emery Company | | |

Section 302 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 186 (the "LMRA Defense"). Dkt. 11 ("Countercl."). The countercomplaint adds Smith-Emery's principal, James E. Partridge ("Partridge"), as a counterclaimant, and, in addition to plaintiffs, lists three California state agencies—the California Division of the State Architect ("DSA"), the California Office of Statewide Health Planning and Development ("OSHPD"), and the California Building Standards Commission ("BSC") (collectively, the "State Agencies" or "the State")—as counterdefendants. Countercl. ¶¶ 5-12.

On September 20, 2019, the State Agencies filed a motion dismiss the counterclaim as it applied to them. Dkt. 36. That same day, the Trustees filed a motion to dismiss the counterclaim as it applied to them, as well as a motion to strike all of the 13 affirmative defenses asserted by Smith-Emery's Answer. Dkt. 37. On October 28, 2019, the Court denied the Trustees' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), granted the Trustees' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) without leave to amend, denied the Trustees' motion to strike pursuant to Federal Rule of Civil Procedure 12(f), and granted the State Agencies' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) without leave to amend. Dkt. 47.

Subsequently, the parties engaged in several discovery disputes before Magistrate Judge Alexander M. MacKinnon, and the Court modified its scheduling order four times pursuant to the parties' stipulations. See Dkts. 51, 55, 67, 72, 86, 88, 91.

On October 19, 2021, the Trustees moved for an ex parte order "modifying the Court's Scheduling Order so that Trustees can complete discovery and file a motion for summary judgment." Dkt. 92. Trustees claim that they require additional time to complete an audit covering the period of October 2016 to March 2020, and to conduct further discovery. Id. To date, Smith-Emery has not opposed Trustees' ex parte application. See Prcdrs. of Hon. Christina A. Snyder at Prcdr. No. 5 (Parties "shall have 48 hours from the date of delivery of [ex parte] moving papers to file and serve their opposition papers, if any."). Rather, on October 19, 2021, Mitchell Silberberg & Knupp LLP ("MSK"), counsel for Smith-Emery, filed a motion to withdraw as counsel, claiming that "there has been an irreparable breakdown in the attorney client relationship." Dkt.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL    'O'

| Case No. | 2:19-cv-04058-CAS-AFMx | Date | October 27, 2021 |
|---|---|---|---|
| Title | Trustees of the Operating Engineers Pension Trust et al v. Smith-Emery Company | | |

95 at 4. The hearing on MSK's motion to withdraw as counsel is scheduled for November 22, 2021. Id.

The Court now considers plaintiffs' unopposed ex parte application to modify the Court's scheduling order. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.   LEGAL STANDARD

Once a court has filed a pretrial scheduling order pursuant to Fed. R. Civ. P. 16 ("Rule 16"), the standards of Rule 16 govern amendment of the pleadings. Hood v. Hartford Life and Acc. Ins. Co., 567 F. Supp. 2d 1221, 1224 (E.D. Cal. 2008) (citing Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992)). Orders entered before the final pretrial conference may be modified only "upon a showing of good cause." Fed. R. Civ. P. 16(b). The "good cause" requirement of Rule 16 "primarily considers the diligence of the party seeking the amendment. The pretrial scheduling order can only be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Hood, 567 F. Supp. 2d at 1221 (quoting Mammoth Recreations, 975 F.2d at 609).

## III.   DISCUSSION

The Court finds the good cause exists to permit a fifth modification of the Court's scheduling order. Trustees contend that "Smith-Emery [has] failed to produce all responsive documents," and that they "intend to conduct further discovery . . . including depositions and a request for admissions." Dkt. 93 ("Mot.") at 5. With the close of discovery currently scheduled for November 2, 2021, plaintiffs claim that denying their ex parte application would prevent them from completing the audit and liquidating their claims. Id. at 6. The Court agrees. An extension of time that allows the parties to complete their document productions and, consequently, ensures the Trustees are able to complete the audit covering the time period of October 2016 to March 2020, is appropriate here.

The record demonstrates that the Trustees have proceeded with due diligence in discharging their discovery obligations. The parties have engaged in several discovery disputes that have delayed the completion of discovery, including a successful motion to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:19-cv-04058-CAS-AFMx | Date | October 27, 2021 |
|---|---|---|---|
| Title | Trustees of the Operating Engineers Pension Trust et al v. Smith-Emery Company | | |

compel filed by Trustees. See Mot. at 2-6; see also Dkt. 67. As recently as August 24, 2021, Magistrate Judge MacKinnon ordered Smith-Emery to complete several additional searches and productions. See Dkt. 91. Moreover, MSK's motion to withdraw as counsel, which will not be heard until November 22, 2021, exacerbates the difficulties the parties will face in completing discovery by current deadline of November 2, 2021.

Finally, it appears that MSK, on behalf of Smith-Emery, had initially agreed to stipulate to a fifth modification of the Court's scheduling order, until Smith-Emery refused to give its counsel authority to enter the stipulation. See Dkt. 94 (Declaration of plaintiffs' counsel Marija Kristich Decker) ¶ 2, Ex. A. Plaintiffs contend that Smith-Emery's refusal to stipulate to the modification constitutes "yet another tactic by Smith-Emery to prevent Trustees from completing their audit," and that "[t]he delay in this case is the result of Smith-Emery's lack of cooperation in discovery to produce all responsive documents." Mot. at 6. Without making any determinations regarding Smith-Emery's compliance with its discovery obligations, the Court notes that timely compliance with discovery obligations is of critical importance. Relatedly, while prejudice is not central to the Rule 16 analysis, neither party here will be prejudiced by the provision of additional time to complete discovery and fully develop the record in this case.

## IV.  CONCLUSION

In accordance with the foregoing, the Court **GRANTS** plaintiff's ex parte application for a modification of the scheduling order. The Court schedules the following dates:

Settlement Completion Cutoff:  February 8, 2022;

Status Conference re: Settlement **(11:00 A.M.):** **February 14, 2022**;

Factual Discovery Cutoff:  February 2, 2022;

Last Day to File Motions:  March 18, 2022;

/ / /

/ / /

/ / /

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:19-cv-04058-CAS-AFMx | Date | October 27, 2021 |
|---|---|---|---|
| Title | Trustees of the Operating Engineers Pension Trust et al v. Smith-Emery Company | | |

Pretrial Conference/Hearing on Motions in Limine **(11:00 A.M.):** **May 16, 2022;** and Jury Trial **(9:30 A.M):** **June 7, 2022**.

IT IS SO ORDERED.

                                                                   00 : 00
                                     Initials of Preparer      CMJ