UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:19-cv-04058-CAS-AFMx | Date | April 11, 2022 |
|---|---|---|---|
| Title | Trustees of the Operating Engineers Pension Trust et al v. Smith-Emery Company | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Marija Decker | John Worden |
| | Christopher Brown |
| | Andrew Zepeda |
| | James Partridge, Pro Se |

**Proceedings:**     SMITH-EMERY'S MOTION FOR APPOINTMENT OF SPECIAL MASTER PURSUANT TO RULE 53 (Dkt. 108, filed on March 8, 2022)

## I.     INTRODUCTION & BACKGROUND

This case is the latest iteration of a labor dispute between plaintiff trustees ("Trustees") that administer several trusts and funds ("Trust Funds") that provide benefits to members of the International Union of Operating Engineers, Local Union No. 12 ("Local 12"), on the one hand, and Smith-Emery Company ("Smith-Emery"), a California corporation that performs construction tests and inspections, on the other. In broad terms, the dispute concerns allegations that Smith-Emery has failed, over the course of many years, to make payments into certain trusts for the benefit of Local 12 members employed by Smith-Emery, which the Trustees allege is required by labor agreements between Smith-Emery (or its bargaining agents) and Local 12.

Trustees initiated this latest action on May 9, 2019, by filing a complaint against Smith-Emery in this Court. See Dkt. 1 ("Compl."). The complaint states a single claim for relief for breach of collective bargaining agreements, and violation of the Employee Retirement Security Act of 1974 ("ERISA"). Compl. ¶¶ 14-28. Smith-Emery filed an answer on July 15, 2019, asserting 13 affirmative defenses, and attached a countercomplaint stating a single claim for relief, a request for a declaration pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, that the Trustees' claims "to recover pension, health and welfare contributions and other employee benefits under [Smith-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 2:19-cv-04058-CAS-AFMx | Date | April 11, 2022 |
|---|---|---|---|
| Title | Trustees of the Operating Engineers Pension Trust et al v. Smith-Emery Company | | |

Emery's] labor contracts with [Local 12]" are foreclosed by (1) "state public safety laws regulating the building and construction industry" (the "Illegality Defense"), and (2) Section 302 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 186 (the "LMRA Defense"). Dkt. 11 ("Countercl."). The counterclaim adds Smith-Emery's principal, James E. Partridge ("Partridge"), as a counterclaimant, and, in addition to plaintiffs, lists three California state agencies—the California Division of the State Architect ("DSA"), the California Office of Statewide Health Planning and Development ("OSHPD"), and the California Building Standards Commission ("BSC") (collectively, the "State Agencies" or "the State")—as counterdefendants. Countercl. ¶¶ 5-12.

On September 20, 2019, the State Agencies filed a motion dismiss the counterclaim as it applied to them. Dkt. 36. That same day, the Trustees filed a motion to dismiss the counterclaim as it applied to them, as well as a motion to strike all of the 13 affirmative defenses asserted by Smith-Emery's Answer. Dkt. 37. On October 28, 2019, the Court denied the Trustees' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), granted the Trustees' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) without leave to amend, denied the Trustees' motion to strike pursuant to Federal Rule of Civil Procedure 12(f), and granted the State Agencies' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) without leave to amend. Dkt. 47.

Subsequently, the parties appeared before Magistrate Judge Alexander M. MacKinnon with regard to several discovery disputes, and the Court modified its scheduling order four times pursuant to the parties' stipulations. See Dkts. 51, 55, 67, 72, 86, 88, 91. On October 19, 2021, the Trustees moved for an ex parte order "modifying the Court's Scheduling Order so that Trustees can complete discovery and file a motion for summary judgment." Dkt. 92. The Trustees contended that "Smith-Emery [has] failed to produce all responsive documents." Dkt. 93. On October 27, 2021, the Court granted Trustees' unopposed ex parte application to modify the Court's scheduling order. Dkt. 96.

On October 19, 2021, Mitchell Silberberg & Knupp LLP ("MSK"), former counsel for Smith-Emery, filed a motion to withdraw as counsel, claiming that "there has been a[n] irreparable breakdown in the attorney client relationship." Dkt. 95 at 4. On

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:19-cv-04058-CAS-AFMx | | Date | April 11, 2022 |
|----------|------------------------|---|------|----------------|
| Title | Trustees of the Operating Engineers Pension Trust et al v. Smith-Emery Company | | | |

November 22, 2021, the Court granted MSK's motion to withdraw as counsel for Smith-Emery.  Dkts. 100-101.  On January 14, 2022, John S. Worden of Venable LLP appeared as counsel for Smith-Emery.  Dkt. 103.

On March 8, 2022, Smith-Emery filed a motion to appoint special master pursuant to Fed. R. Civ P. 53.  Dkt. 108 ("Mot.").  On March 21, 2022, the Trustees filed their opposition.  Dkt. 112 ("Opp.").  Smith-Emery replied on March 28, 2022.  Dkt. 113 ("Reply").

The Court held a hearing on April 11, 2022.  Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.    LEGAL STANDARD

Fed. R. Civ. P. 53 governs the appointment of special masters.  Special masters may be appointed only to "(A) perform duties consented to by the parties; (B) hold trial proceedings and make or recommend findings of fact on issues to be decided without a jury if appointment is warranted by: (i) some exceptional condition; or (ii) the need to perform an accounting or resolve a difficult computation of damages; or (C) address pretrial and post-trial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district."  Fed. R. Civ. P. 53(a).

"'The only prerequisite to the appointment of a pretrial or posttrial master is that no district judge or magistrate judge of the district be available who can address the matter to be referred in a timely and effective manner.  The prerequisite that some exceptional condition warrant the appointment of a master, which was applicable to all appointments under the former rule, applies only to some appointments of a master to hold trial proceedings and make or recommend findings of facts on issues to be decided without a jury; it does not apply to the appointment of pretrial and posttrial masters.'" United States ex rel. Poehling v. United Health Grp., Inc., No. CV 16-8697 FMO (SSx), 2020 WL 10731245, at *1 (C.D. Cal. May 5, 2020) (quoting 9 Moore's Federal Practice § 53.10[3][b]).  "Courts may appoint a special master with broad authority to 'supervise and conduct pretrial matters, including discovery activity, the production and arrangement of exhibits and stipulations of fact, the power to hear motions for summary judgment or dismissal and to make recommendations thereto.'" Thakur v. Cofiroute USA, LLC, No. 8:19-cv-02233-ODW (JDEx), 2020 WL 10731939, at *4 (C.D. Cal. Aug.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:19-cv-04058-CAS-AFMx | Date | April 11, 2022 |
|----------|------------------------|------|----------------|
| Title | Trustees of the Operating Engineers Pension Trust et al v. Smith-Emery Company | | |

5, 2020) (quoting Burlington N. R.R. Co. v. Dep't of Revenue of Wash., 934 F.2d 1064, 1073 (9th Cir. 1991)).

     "A judge may designate a magistrate judge to serve as a special master pursuant to the applicable provisions of this title and the Federal Rules of Civil Procedure for the United States district courts."  28 U.S.C. § 636(b).

## III.   DISCUSSION

     Smith-Emery argues that a special master is appropriate because "this matter is complicated, and will culminate in an extensive audit conducted by [Trustees]" regarding their claim that Smith-Emery failed to pay fringe benefit contributions owed to Trustees pursuant to the relevant collective bargaining agreements ("CBAs").  Mot. at 3.  Smith-Emery contends that, after the audit is complete, the Court will "need to assess [Trustees'] audit in granular fashion—down to type of work performed and hours worked for each individual cited therein, as well as the interest calculation that [Trustees'] auditor will likely proffer—and will also need to evaluate [Trustees'] contentions respecting any counter-audit that Smith-Emery may itself conduct."  Id.  According to Smith-Emery, the complexity of the audit(s), along with the potential evidentiary issues that may be raised by the parties, justifies the appointment of a special master pursuant to Fed. R. Civ. P. 53(a)(1)(C).  Id.

     Smith-Emery notes that the "the audit will encompass work completed between October 1, 2016, and March 31, 2020, nearly four years."  Id. at 4.  Smith-Emery requests that the Court appoint a special master for the following pretrial matters: (1) "[t]o oversee all matters related to the audit portion of this litigation, including the production and assessment of Plaintiffs' audit, as well as any counter-audit Smith-Emery may submit in response to Plaintiffs' audit;" (2) "[t]o rule on any evidentiary objections the parties may have concerning the respective audit(s), including the documents related to the third-party subpoenas;" and (3) "[t]o oversee any litigation that directly follows as a result of the audit(s)."  Id.  Smith-Emery requests that "Magistrate Judge Alexander F. MacKinnon be appointed as special master respecting the audit issues" because Judge MacKinnon "is intimately familiar with the issues surrounding the audit and is equipped to resolve the evidentiary and authenticity issues that will arise once the audit has been produced."  Id. at 9-10.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 2:19-cv-04058-CAS-AFMx | Date | April 11, 2022 |
|---|---|---|---|
| Title | Trustees of the Operating Engineers Pension Trust et al v. Smith-Emery Company | | |

In opposition, Trustees note that they do not consent to Smith-Emery's "request for appointment of a Special Master in this case as the facts do not warrant the need for any such appointment." Opp. at 3. Trustees claim that their auditor "has conducted or been involved with thousands of compliance audits including employers similar to and larger than [Smith-Emery]," and contend that "[t]he calculation of the fringe benefit contribution involves nothing more than multiplying the hours of covered work by the appropriate contribution rate." Id. at 4. Therefore, "[n]o part of the Trustees' audit process requires or would be aided by the appointment of a Special Master." Id. Trustees also argue that "the appointment of a Special Master (for the purposes outlined by [Smith-Emery]) would only further complicate and delay the resolution of this case, as [Smith-Emery] will no doubt attempt to challenge and litigate every facet of the Trustees' audit while the audit is being conducted." Id. at 5. Additionally, Trustees argue that a special master is not warranted because "Judge McKinnon already demonstrated his ability to address discovery related issues (including [Smith-Emery's] related legal arguments) in his role as a Magistrate Judge" and "this Court has reviewed and analyzed similar audits of [Smith-Emery] conducted by [Smith-Emery] in prior actions without issue." Id. at 6. In sum, Trustees argue that, once their audit is complete, "if [Smith-Emery] has disputes with the audit claim, it may then argue those disputes before this Court through the normal avenues of litigation. Similarly, if further discovery related disputes arise, [Smith-Emery] may seek to have these disputes adjudicated by Judge McKinnon in his role as a Magistrate Judge." Id. at 7.

In reply, Smith-Emery claims that Trustees' opposition "significantly understates the complexity of the evidentiary issues surrounding their audit that this Court will need to address." Reply at 2. Smith-Emery reiterates that "Plaintiffs' upcoming audit is not simple; it will contain a number of line items each requiring individualized review." Id. Smith-Emery adds that Trustees' opposition essentially acknowledges that Judge MacKinnon is qualified to serve as Special Master over the audit. Id. Moreover, Smith-Emery argues that its request for the appointment of a special master "is based in part on its potential disputes with Plaintiffs' audit process. . . . If, upon review of Plaintiffs' audit, Smith-Emery sees the need to file evidentiary motions, hire its own audit expert witness, or raise any other potential issues with the Court, some authority will need to address those arguments. As of now, that authority is this Court. This is precisely the kind of pretrial matter that Fed. R. Civ. P. 53 highlights can be handled by a Special Master in an effort to alleviate the burden on the Court." Id. at 4. Finally, Smith-Emery contends that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 2:19-cv-04058-CAS-AFMx | Date | April 11, 2022 |
|----------|------------------------|------|----------------|
| Title | Trustees of the Operating Engineers Pension Trust et al v. Smith-Emery Company | | |

"[i]f Plaintiffs' audit is a summary of voluminous records, either this Court or a Special Master will need to scrutinize that summary and determine if it accurately represents the disputed issues in this case concerning fringe benefit contributions," and that "Smith-Emery anticipates that Plaintiffs' audit will not account for or appropriately document important details that are relevant to liability in this matter."  Id. at 5.

Pursuant to Fed. R. Civ. P. 53, the Court has discretion to appoint a special master to "address pretrial and posttrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district," or "perform an accounting or resolve a difficult computation of damages."  Fed. R. Civ. P. 53(a)(1).  However, the Court finds that the appointment of a special master is unnecessary and premature at this time.  Judge MacKinnon is already going to be required to resolve certain discovery disputes in this case.  At this juncture, asking him to serve as a special master in addition to his other obligations as Magistrate Judge represents an unfair burden on Judge MacKinnon.  While the Court is appreciative of Smith-Emery's attempt to reduce the burden on the Court, unless there is a demonstrable need for a third-party to resolve potential disputes related to the audit(s), the appointment of a special master is inappropriate and unnecessary.  Simply put, at this stage, Smith-Emery has not demonstrated that the Court and Judge MacKinnon cannot "effectively and timely address[]" disputes related to the audit portion of this litigation.  United States ex rel. Poehling, 2020 WL 10731245, at *3.

**IV.  CONCLUSION**

In accordance with the foregoing, the Court **DENIES**, without prejudice, Smith-Emery's motion for appointment of special master pursuant to Rule 53.

IT IS SO ORDERED.

|  | 00 | : | 13 |
|--|-----|---|-----|
| Initials of Preparer | | CMJ | |