UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:19-CV-04058-CAS-AFMx | Date | December 8, 2023 |
|---|---|---|---|
| Title | TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST ET AL V. SMITH-EMERY COMPANY | | |

Present: The Honorable   **CHRISTINA A. SNYDER**

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

Not Present                            Not Present

**Proceedings:**   (IN CHAMBERS) - DEFENDANT'S MOTION TO STAY (Dkt. 131, filed on August 11, 2023)

DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT (Dkt. 130, filed on August 11, 2023)

PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT (Dkt. 132, filed on August 12, 2023)

## I.    INTRODUCTION

This case is the latest iteration of a labor dispute between plaintiff trustees ("Trustees") of several trusts and funds ("Trust Funds") that provide benefits to members of the International Union of Operating Engineers, Local Union No. 12 ("Local 12"), on the one hand, and Smith-Emery Company ("Smith-Emery"), a California corporation that performs construction tests and inspections, on the other. In broad terms, the Trustees allege that Smith-Emery violated the terms of certain labor agreements between Smith-Emery (or its bargaining agents) and Local 12 by failing to make payments into the Trust Funds for the benefit of Local 12 members employed by Smith-Emery.

Trustees initiated this latest action on May 9, 2019, by filing a complaint against Smith-Emery in this Court. See Dkt. 1 ("Compl."). The complaint states a single claim for relief for breach of collective bargaining agreements in violation of the Employee Retirement Security Act of 1974 ("ERISA"). Compl. ¶¶ 14-28. On July 15, 2019, Smith-Emery filed an answer asserting 13 affirmative defenses and attached a

1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:19-CV-04058-CAS-AFMx | Date | December 8, 2023 |
|---|---|---|---|
| Title | TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST ET AL V. SMITH-EMERY COMPANY | | |

countercomplaint requesting a declaration pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, that the Trustees' claims "to recover pension, health and welfare contributions and other employee benefits under [Smith-Emery's] labor contracts with [Local 12]" are foreclosed by (1) "state public safety laws regulating the building and construction industry" (the "Illegality Defense"), and (2) Section 302 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 186 (the "LMRA Defense"). Dkt. 11 ("Countercl."). The counter complaint adds Smith-Emery's principal, James E. Partridge ("Partridge"), as a counterclaimant, and lists three additional counterdefendants—the California Division of the State Architect ("DSA"), the California Office of Statewide Health Planning and Development ("OSHPD"), and the California Building Standards Commission ("BSC") (collectively, the "State Agencies" or "the State"). Countercl. ¶¶ 5-12.

On September 20, 2019, the State Agencies filed a motion to dismiss the counterclaim as it applied to them. Dkt. 36. That same day, the Trustees filed a motion to dismiss the counterclaim as it applied to them, as well as a motion to strike all thirteen of defendant's affirmative defenses. Dkt. 37. On October 28, 2019, the Court denied the Trustees' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1). Dkt. 47. The Court also denied the Trustee's motion to strike pursuant to Fed. R. Civ. P. 12(f) without prejudice. Id. The Court granted both the Trustees' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and the State Agencies' motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), both without leave to amend. Id.

On March 8, 2022, Smith-Emery filed a motion to appoint a special master pursuant to Rule 53. Dkt. 108. On April 11, 2022, the Court denied without prejudice Smith-Emery's motion for appointment of a special master. Dkt. 115.

On August 11, 2023, defendant filed a motion to stay this case pending the conclusion of grievance proceedings it had initiated pursuant to applicable collective bargaining agreements. Dkt. 131. Defendant concurrently filed a motion for partial summary judgment regarding some of plaintiffs' claims. Dkt. 130. On August 12, 2023, plaintiffs filed their own motion for summary judgment. Dkt. 132. On September 11, 2023, the parties filed their respective oppositions regarding the three pending motions. Dkts. 145, 147, 148. On September 18, 2023, the parties filed their respective replies. Dkts. 155, 156, 157.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL    'O'

| Case No. | 2:19-CV-04058-CAS-AFMx | Date | December 8, 2023 |
|---|---|---|---|
| Title | TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST ET AL V. SMITH-EMERY COMPANY | | |

On October 2, 2023, the Court held a hearing. On November 1, 2023, the Court requested supplemental briefing regarding (1) whether defendant is obligated to make fringe benefit contributions to all ten Trust Funds represented by plaintiffs, particularly the Southern California Partnership for Jobs Fund and the Operating Engineers Workers' Compensation Trust; and (2) whether the contract language in the relevant agreements obligates defendant to make contributions for travel time to the Trust Funds. Dkt. 178. On November 13, 2023, the parties submitted their respective supplemental briefs. Dkt. 182, 183.

On December 4, 2023, the Court held a hearing regarding defendant's motion for leave to amend its answer. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

II.    BACKGROUND

A.    The Parties

Plaintiffs Trustees of the Operating Engineers Pension Trust ("Pension Trust"), Trustees of the Operating Engineers Health and Welfare Fund ("Health Fund"), Trustees of the Operating Engineers Vacation-Holiday Savings Trust ("Vacation-Holiday Trust"), Trustees of the Operating Engineers Training Trust ("Training Trust", formerly the Southern California Operating Engineers Apprenticeship and Journeyman Retraining Trust), and Trustees of the Operating Engineers Local 12 Defined Contribution Plan ("Defined Contribution Plan") (collectively, the "Trustees") are the trustees of five express trusts (the "Trusts") created pursuant to written declarations of trust (the "Trust Agreements") between the International Union of Operating Engineers, Local Union No. 12, ("Local 12") and various multiemployer associations in the construction industry in Southern California and Southern Nevada. Compl. ¶ 5.

Plaintiff Fund for Construction Industry Advancement ("Construction Industry Advancement Fund") is an employer established and administered trust created to protect and expand the interests of the construction industry. Compl. ¶ 5.

Plaintiff Engineers Contract Compliance Committee Fund ("ECCC Fund") was established by Local 12 in accordance with Section 6(b) of the Labor Management

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL  'O'

| Case No. | 2:19-CV-04058-CAS-AFMx | Date | December 8, 2023 |
|---|---|---|---|
| Title | TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST ET AL V. SMITH-EMERY COMPANY | | |

Cooperation Act of 1978 to improve job security and organizational effectiveness. Compl. ¶ 5.

Plaintiff Contract Administrative Fund is an employer established fund created to promote the interests and welfare of the construction industry, its individual employers, and employees. Compl. ¶ 5.

Plaintiff Southern California Partnership for Jobs Fund ("Jobs Fund") is an industry-wide advancement fund established by employers and Local 12. Compl. ¶ 5.

Plaintiff Operating Engineers Workers' Compensation Trust ("Workers' Compensation Trust") is a trust fund established by Local 12 and certain employers to administer workers' compensation benefits. Compl. ¶ 5.

Defendant Smith-Emery is a professional services corporation that performs construction inspection work. J. Partridge Decl. ¶ 3. Defendant employs Building/Construction Inspectors ("BCIs") who perform various inspections and tests during the construction of occupied structures. J. Partridge Decl. ¶ 5.

Smith Emery Laboratories ("SEL") is a professional services corporation that employs laboratory technicians and operates fully licensed and accredited laboratory facilities. J. Partridge Decl. ¶ 8. Defendant asserts that SEL is a separate corporate entity; plaintiff disagrees. See Dkt. 155-1. SEL has never been a signatory to any collective bargaining agreement with Local 12 or any other union. J. Partridge Decl. ¶ 10.

B.   **The Agreements**

On September 23, 2014, defendant executed and delivered to Local 12 a written collective bargaining agreement ("CBA"). Compl ¶ 8.

On or about March 6, 2017, Local 12 was notified that defendant had joined the Southern California Contractor's Association ("SCCA"). At that time, defendant became bound to the terms and provisions of the Master Inspection Labor Agreement (MILA), a collective bargaining agreement already in existence between SCCA and Local 12. Compl. ¶ 9. SCCA and Local 12 also had a pre-existing Agreement and Declaration of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL     'O'

| | | | |
|---|---|---|---|
| Case No. | 2:19-CV-04058-CAS-AFMx | Date | December 8, 2023 |
| Title | TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST ET AL V. SMITH-EMERY COMPANY | | |

Trust regarding the Operating Engineers' Workers' Compensation Trust Fund (the "WCT Agreement"). Dkt. 187 Ex. G. In 2019, SCCA signed a new MILA (the "2019 MILA"). Dkt. 132-5.

Plaintiffs contend that, pursuant to the terms of the CBA, the MILAs, the WCT Agreement (collectively the "Agreements") and California regulations, defendant was required to make certain fringe benefit contributions to all ten Trust Funds. Defendant signed written acknowledgments and acceptances of Trust Agreements with the Pension Trust, the Health Fund, and the Vacation-Holiday Trust. Dkt. 139-21.

### C. The Dispute

Plaintiffs allege that defendant breached the collective bargaining agreements and related Trust Agreements by: (1) subletting inspection and testing work to non-bargaining unit personnel; (2) underpaying fringe benefit contributions based on hours worked; and (3) failing/refusing to produce necessary documents for an audit of defendant's payroll from April 1, 2015, through present. Compl. ¶¶ 18-19.

### III. LEGAL STANDARD

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of identifying relevant portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each claim upon which the moving party seeks judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

If the moving party meets its initial burden, the opposing party must then set out specific facts showing a genuine issue for trial in order to defeat the motion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); see also Fed. R. Civ. P. 56(c), (e). The nonmoving party must not simply rely on the pleadings and must do more than make "conclusory allegations [in] an affidavit." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); see also Celotex, 477 U.S. at 324. Summary judgment must be granted for the moving party if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL 'O'

| | | | |
|---|---|---|---|
| Case No. | 2:19-CV-04058-CAS-AFMx | Date | December 8, 2023 |
| Title | TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST ET AL V. SMITH-EMERY COMPANY | | |

bear the burden of proof at trial." Celotex, 477 U.S. at 322; see also Abromson v. Am. Pac. Corp., 114 F.3d 898, 902 (9th Cir. 1997).

In light of the evidence presented by the nonmoving party, along with any undisputed facts, the Court must decide whether the moving party is entitled to judgment as a matter of law. See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 631 & n.3 (9th Cir. 1987). When deciding a motion for summary judgment, "the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted); Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co., 121 F.3d 1332, 1335 (9th Cir. 1997). Summary judgment for the moving party is proper when a rational trier of fact would not be able to find for the nonmoving party on the claims at issue. See Matsushita, 475 U.S. at 587.

IV. DISCUSSION

    A. **Defendant's Motion to Stay**

Defendant argues that this action should be stayed pending the conclusion of grievance proceedings it has initiated before the American Arbitration Association (AAA) pursuant to the CBA and MILA. At the December 4, 2023, hearing, defendant conceded that its motion to stay is now moot because the AAA arbitration has been terminated. Accordingly, the Court **DENIES** defendant's motion to stay litigation as **MOOT**.

    B. **Defendant's Motion for Partial Summary Judgment**

Defendant also asks for partial summary judgment on four issues. Specifically, defendant argues it was not obligated to pay benefits for (1) work that non-party SEL performed pursuant to direct contracts between SEL and project owners or clients; (2) work performed by "Sub-Employers" whose employees are union members and whose benefits were or should have been paid by their respective employers; (3) off-site concrete batch plant work performed during the time period governed by the CBA; and (4) travel time by union member employees. Dkt. 130.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**        'O'

| Case No. | 2:19-CV-04058-CAS-AFMx | Date | December 8, 2023 |
|---|---|---|---|
| Title | TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST ET AL V. SMITH-EMERY COMPANY | | |

    Plaintiffs concede the first three issues. They confirm they are not pursuing claims for work that SEL contracted with and performed for third parties/public entities; they are only pursuing claims where business records reveal that defendant subcontracted work to SEL. Dkt. 148 at 7-8. They also are not pursuing claims for contributions based on work that defendant contracted to signatory employers. Id. at 9. Nor are they pursuing contributions for concrete batch plant work performed prior to March 2017, only work performed after March 2017 when the MILA took effect. Id. at 9-10.

    The only remaining issue is travel time. Defendant argues that the 2003 Settlement Agreement governs. Pursuant to the 2003 Settlement Agreement, "the Trustees promise[d] to refrain from making[] claim[s] for fringe benefit contributions for travel time . . . after March 1, 2003, up until June 30, 2004, or the time Smith-Emery negotiates its next Collective Bargaining Agreement with Local 12 to resolve the issue of 'travel time.'" Dkt. 130 at 3. Defendant alleges that the Trustees are not entitled to contributions for travel time because "Local 12 and SEC have never resolved the issue of whether contributions were owed for travel time." Id. at 7. In support, defendant cites this Court's prior finding that, as of 2013, Local 12 and SEC "[had] not negotiate[d] or resolve[d] the issue of whether contributions are owed for travel time by otherwise covered employees." Id.

    In opposition, plaintiffs argue that the travel time issue was resolved in March 2017 when defendant joined SCCA and became bound by the terms of the MILA. Dkt. 148 at 2-6. Plaintiff points to language in the MILA requiring employers to make fringe benefit contributions "for all straight-time or overtime hours worked or paid each employee under this Agreement." Dkt. 139-3 (Articles IX, XII, XIII). They interpret this language to mean that, pursuant to the MILA, "Smith-Emery [must] pay fringe benefit contributions to the Trusts for all hours worked by or paid to employees who perform any [covered] work." Id. at 4. They contend that the contribution requirement is triggered "even if some of [the performed] work is not covered." Id. Thus, according to plaintiffs, defendant was required to make contributions for travel time and "all [other] hours worked", so long as an employee was performing "some covered work." Id. Plaintiffs cite several Ninth Circuit cases in support of their interpretation, including Waggoner v. C & D Pipeline Co., 601 F.2d 456 (9th Cir. 1979) and Kemmis v. McGoldrick, 706 F.2d 997 (9th Cir. 1983).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| | | | |
|---|---|---|---|
| Case No. | 2:19-CV-04058-CAS-AFMx | Date | December 8, 2023 |
| Title | TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST ET AL V. SMITH-EMERY COMPANY | | |

In reply, defendant argues that its entry into the MILA did not resolve the travel time issue. First, it argues that none of the MILA provisions relating to fringe benefit contributions explicitly discuss "travel time." Dkt. 155 at 8. Defendant contends that, while the MILA does discuss contributions based on "straight-time or overtime hours," there is no foundation for equating "travel time" with such hours. Id. at 9. Second, defendant alleges that the language in the MILA respecting "travel time" is "identical" to provisions in the collective bargaining agreement that this Court addressed in 2013. Despite that language, the Court ultimately concluded that "Local 12 and SEC have never resolved the issue of whether contributions were owed for travel time." Id. Defendant argues this shows that, even now, "no one has negotiated any clarifying language into a relevant collective bargaining agreement that would void the Trustees' 2003 settlement agreement covenant not to charge fringe benefits on 'travel time.'" Id.

The parties agree that plaintiffs may not pursue claims for (1) work that SEL performed pursuant to direct contracts; (2) work defendant subcontracted to signatory employees; and (3) off-site concrete batch work performed prior to March 2017. Accordingly, the Court **GRANTS in part** defendant's motion for partial summary judgment as to these three issues.

Regarding travel time, the Court finds that the relevant language in the underlying agreements is ambiguous. There is a genuine dispute of material fact regarding whether the parol evidence demonstrates that the MILA addressed contributions for travel time. Accordingly, the Court **DENIES in part** defendant's motion for partial summary judgment as to the issue of travel time. The Court may revisit whether the travel time issue may be decided as a matter of law on a Rule 50 motion.

C. **Plaintiffs' Motion for Summary Judgment or, in the Alternative, Partial Summary Adjudication**

Plaintiffs assert that they conducted two audits, covering April 1, 2015, through September 30, 2016 (Audit #1) and October 1, 2016, through March 2020 (Audit #2). Dkt. 133 at 5. According to plaintiffs, both audits revealed that defendant (1) failed to pay contributions to the Trusts for all hours worked or paid to defendant's employees and (2) subcontracted covered work to non-signatory employers without paying damages equivalent to the contributions that should have been paid to the Trusts had defendant not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**        'O'

| Case No. | 2:19-CV-04058-CAS-AFMx | Date | December 8, 2023 |
|---|---|---|---|
| Title | TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST ET AL V. SMITH-EMERY COMPANY | | |

subcontracted the work. Id. Plaintiffs contend that, after adjustments, their claim for contributions is $81,698.14 based on Audit #1 and $174,933.28 based on Audit #2, which includes "contributions for travel time claimed in Part A of Audit #2 beginning March 2017." Id. at 5-6. Plaintiffs cite several Ninth Circuit cases, including Waggoner v. C & D Pipeline Co., 601 F.2d 456 (9th Cir. 1979) and Kemmis v. McGoldrick, 706 F.2d 997 (9th Cir. 1983), for the proposition that the MILAs require defendant to pay fringe benefit contributions for all hours worked by or paid to employees performing any covered work. Id. at 6-7. Because of the language regarding hours worked or paid in the MILAs, plaintiffs argue that defendant must pay contributions if it pays an employee an hourly wage for travel time. Id. at 7.

    Additionally, plaintiffs argue that defendant subletted covered work to SEL, ES Engineering, West Coast Inspection Services, Franklin Inspection, David Burbidge, freelance inspectors, and other non-unit employees on various projects, and thereby breached the Sub-Employer clauses by failing to pay damages equivalent to the amount of fringe benefit contributions that it should have paid. Id. at 9. As a consequence of defendant's failure to comply with the sub-employer clause of the CBA, plaintiffs contend the Trusts are entitled to "damages equal to the amount of fringe benefit contributions that should have been paid for the hours worked by the inspectors / sub-employers who were performing work covered by the collective bargaining agreement," regardless of whether the sub-employers were paid directly by defendant or "are ineligible to qualify for benefits from the Trusts." Id. Further, plaintiffs assert that, because employees cannot waive section 302(c)(5) trust protections, defendant could not have made arrangements with employees that conflict with its reporting obligations. Id. at 9-10. According to plaintiffs, defendant has a competitive advantage over other signatory contractors that comply with their CBAs because defendant has an increased profit margin from failing to pay fringe benefit contributions to the Trusts. Id. at 10.

    Plaintiffs argue that the rulings from the 2006 arbitration and the Ninth Circuit decision confirmed that anchor bolt testing and inspection, which includes torque testing, proof load testing, and pull testing, is covered work under all of the agreements. Id. at 10-11. Further, plaintiffs assert that defendant had a duty to maintain records for each employee that are sufficient to determine benefits due or that may become due to the employee pursuant to 29 U.S.C. § 1059(a)(1) of ERISA. Id. at 11. Plaintiffs contend that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| | | | |
|---|---|---|---|
| Case No. | 2:19-CV-04058-CAS-AFMx | Date | December 8, 2023 |
| Title | TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST ET AL V. SMITH-EMERY COMPANY | | |

Brick Masons Pension Tr. v. Indus. Fence & Supply, Inc., 839 F.2d 1333 (9th Cir. 1988) and Motion Picture Indus. Pension & Health Plans v. N.T. Audio Visual Supply, Inc., 259 F.3d 1063 (9th Cir. 2001), demonstrate the Ninth Circuit's "burden shifting" rule: "Once the Trustees show (1) that [the employer] failed to keep adequate records, and (2) that there exist some employees who (a) performed work that was (b) unreported to the trust funds, then the burden shifts to [the employer] to show the extent of the unreported covered work for those employees." Id. at 12; Motion Picture Indus. Pension & Health Plans, 259 F.3d at 1066. Accordingly, plaintiffs contend the burden has shifted to defendant, due to its inadequate documentation, to show the extent of unreported covered work performed under the "Lab Tech Away" designation, which refers to torque testing, proof load testing, and pull testing work. Id. at 12-13.

Plaintiffs further argue that defendant must pay liquidated damages, audit costs, attorneys' fees, and interest pursuant to 29 U.S.C.A. § 1132(g)(2) of ERISA. Id. at 13-17. Plaintiffs contend that, in the Ninth Circuit, 29 U.S.C.A. § 1132(g)(2) of ERISA requires the court to award attorneys' fees when a judgment for unpaid contributions is awarded to the trust fund. Id. at 15. Plaintiffs assert that they "have adopted a collection policy that requires delinquent employers, like [defendant], to pay liquidated damages assessed at 10% of unpaid or untimely contributions, interest assessed at 8% per annum, and reasonable attorneys' fees and costs." Id. Similarly, plaintiffs argue that § 1132(g)(2) of ERISA requires the award of prejudgment interest, which here totals $114,747.26 based on both audits, calculated at 8% per annum pursuant to the Collection Policy. Id. Plaintiffs further assert that § 1132(g)(2) requires the court to award the greater of interest or liquidated damages. Id. As such, plaintiffs contend they are entitled to $114,747.26 based on the late paid and unpaid contributions. Id. at 16-17. Plaintiffs assert that they seek to collect audit fees of $7,000.00 for Audit #1 and $8,250.00 for Audit #2 pursuant to the agreements and § 1132(g)(2)(E). Id. at 17; see also 29 U.S.C.A. § 1132(g)(2)(E) ("such other legal or equitable relief as the court deems appropriate.").

Finally, plaintiffs argue that defendant's thirteen affirmative defenses have no evidentiary support or merit. Dkt. 133 at 17-18. Defendant's thirteen affirmative defenses are: "(1) failure to state a cause of action; (2) compliance with state law; (3) contractual privilege; (4) violation of § 302 of the labor management relations act; (5) statute of limitations; (6) failure to obtain state-required certificate under California Code

10

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:19-CV-04058-CAS-AFMx | Date | December 8, 2023 |
|---|---|---|---|
| Title | TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST ET AL V. SMITH-EMERY COMPANY | | |

of Civil Procedure 411.35; (7) pending action; (8) lack or jurisdiction to change scope of bargaining unit; (9) waiver; (10) estoppel; (11) unclean hands; (12) consent/retaliation; and (13) reservation of rights." Id. at 17. Plaintiffs contend that Congress has limited the availability of defenses in ERISA actions, such that defendant cannot raise most of these affirmative defenses. Id. at 18. Regarding the statute of limitations affirmative defense, plaintiffs allege that they did not know about the underpayment until September 23, 2021, but filed the lawsuit on May 9, 2019, so there is no statute of limitations issue. Id.

In opposition, defendant argues that plaintiffs cannot sue for unpaid benefit contributions from the expired CBA but should have instead applied to the Federal Labor Relations Board, which "has exclusive jurisdiction to pursue those post-expiration claims through administrative processes," within six months of the delinquency date. Dkt. 147 at 10. Thus, defendant contends that plaintiffs cannot claim benefits for the five-month period between when the CBA expired on September 30, 2016, and when defendant became a party to the MILA on March 5, 2017. Id. at 10-11.

Additionally, defendant argues that the agreements only require it to make contributions to three of the ten Trust Funds: the Pension Fund, the Health Care Fund, and the Vacation/Holiday Savings Fund. Id. at 11. Defendant asserts that it owes no obligations pursuant to the CBA to: "(a) the Training Trust, (b) the Fund for Construction Industry Advancement, (c) the Contract Compliance Committee Fund, (d) the Contract Administration Fund, (e) the Southern California Partnership for Jobs Fund, (f) the Defined Contribution Plan, and (g) the Worker's Compensation Trust." Id. Defendant further contends that it was overcharged for contributions it was not obligated to fund and "overpaid nearly $125,000 in fringe benefits to the Trusts during the COVID pandemic when it was required to pay employees exposed to COVID even though they were not permitted to work." Id. at 11-12.

Defendant additionally alleges that the amounts in plaintiffs' audits have changed over time and diminished by almost 38%, rendering them "overstated and unreliable." Id. at 12. Defendant argues that plaintiffs' bookkeepers are neither auditors nor experts and relied on what plaintiffs' counsel and the Union told them for coverage determinations. Id. at 13. Further, defendant asserts that plaintiffs' counsel claims her communications with the bookkeepers are privileged. Id. Defendant proceeds to highlight the lack of knowledge of the bookkeepers, particularly Babel and Fung,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:19-CV-04058-CAS-AFMx | Date | December 8, 2023 |
|---|---|---|---|
| Title | TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST ET AL V. SMITH-EMERY COMPANY | | |

regarding coverage, subcontractors, travel time, SEL, and ES Engineering. Id. at 13-15. Accordingly, defendant has filed evidentiary objections to parts of the declarations of Babel, Fung, and their boss Ramos, for lack of foundation for conclusions, reliance on hearsay, lack of personal knowledge, and speculation. Id. at 15. Defendant has also objected to the bookkeepers' summaries and four new schedules dated August 11, 2023, that reflect removed or abandoned hours, which total over $100,000. Id. Defendant argues plaintiffs have violated Federal Rule of Evidence 1006 because defendant has not received access to the supporting documentation and underlying work papers to explain plaintiffs' conclusions and decisions. Id. at 15-16.

Defendant further contends that plaintiffs have not established defendant breached the agreements by subcontracting because plaintiffs have not accounted for all instances when SEL directly contracted with a project owner, which has led to both confusion and the overstatement of claims. Id. at 16. Similarly, defendant argues that plaintiffs do not explain why they found it unjustified to include offsite concrete batch plant testing under the CBA but not under the MILA, and defendant presents "contravening testimony" from Partridge as to why the result should be the same under the agreements. Id. at 17. Defendant reasserts that plaintiffs' bookkeepers improperly relied on plaintiffs' counsel and the Inspection Representative for the Union, Mike Brierley, to determine whether certain work was covered, and it alleges plaintiffs did not submit a declaration from a person competent to opine on issues of coverage. Id. at 17-18. Referencing its grievance and motion to stay, defendant contests that floor flatness tests, curtain wall tests, ground penetrating radar, concrete water content lab tests, and adhesion/cohesion tests, are covered work pursuant to any of the collective bargaining agreements. Id. at 18-19. Additionally, defendant argues the disputed facts in this action render it impossible to calculate the underlying principal amount of plaintiffs' claims, which is necessary to calculate prejudgment interest and liquidated damages. Id. at 20. Finally, if the Court is likely to grant any of plaintiffs' motion, defendant invokes Rule 56(d) and requests that the hearing on the motion be deferred so defendant may take further discovery of plaintiffs' bookkeepers, such as obtaining the underlying documents relating to the schedules dated August 11, 2023, which was after the discovery cutoff in May 2023. Id. at 20-21.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:19-CV-04058-CAS-AFMx | Date | December 8, 2023 |
|---|---|---|---|
| Title | TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST ET AL V. SMITH-EMERY COMPANY | | |

In reply, plaintiffs disagree that the Court lacks jurisdiction due to the expired CBA because defendant was required to give them timely notice of the desire to terminate the CBA or the CBA would renew for one year, and defendant has not shown that impasse was reached. Dkt. 157 at 2-3. Plaintiffs assert that they are awaiting information regarding this issue from Local 12. Id. at 3. Further, plaintiffs dispute that defendant is bound to only three trust agreements and allege that the CBA and MILAs bind defendant to "the Pension, Defined Contribution Plan, Health and Welfare, Vacation-Holiday Fund, Training Trust Agreements, Contract Compliance Committee, Contract Administration and Industry Advancement Fund, and the Joint Apprenticeship and Journeyman Retraining Fund." Id. Plaintiffs argue that defendant assumed the obligation to pay contributions to these trusts by submitting monthly contribution payments and reports. Id. at 4. Plaintiffs cite several paragraphs of the MILA to show that the MILAs' coverage is broad. Id. at 4-5. According to plaintiffs, "[i]rrespective of whether [defendant] was contractually obligated under the terms of the MLA to pay wages for travel time," defendant paid employees wages for travel time and thus owes contributions "for all hours worked or paid." Id. at 6-7 (emphasis omitted).

Plaintiffs disagree with defendant that the work described in the audit, such as adhesion/cohesion testing, is not covered work, and further allege that defendant violated the subcontracting clause by subcontracting covered work to non-signatory contractors. Id. at 7. Moreover, plaintiffs contend that they have complied with FRE 1006 because the audits represent summaries of defendant's own voluminous public records and business records, such that all of the underlying documents are admissible and available to defendant. Id. at 8-9. Finally, plaintiffs assert that they have a "Mistaken Employer Contribution Policy and Procedures" for overpayments but explain that defendant did not submit a refund request, within one year of the alleged overpayment as required by the Policy or ever, and defendant would not receive a refund as an offset but as a direct payment. Id. at 9-10. Accordingly, plaintiffs argue that the Court should grant their motion for summary judgment or, in the alternative, partial summary judgment. Id. at 10.

In response to the Court's request for supplemental briefing regarding defendant's obligation to make contributions to the Trust Funds, defendant claims that it is "[un]aware of [an] agreement by which it is obligated to pay fringe benefit contributions to the Partnership for Jobs Fund or the Worker's Compensation Trust." Dkt. 182 at 1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**        'O'

| | | | |
|---|---|---|---|
| Case No. | 2:19-CV-04058-CAS-AFMx | Date | December 8, 2023 |
| Title | TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST ET AL V. SMITH-EMERY COMPANY | | |

Plaintiffs argue that, pursuant to the general savings clause of the MILAs, the Trustees must comply with "any rulings or regulations of any governmental authority or agency having a jurisdiction of the subject matter of this Agreement." Dkt 184 ¶ 14. On February 22, 2016, the Department of Industrial Relations ("DIR") issued a general prevailing wage determination regarding work for "commercial building, highway, heavy construction and dredging projects" (the "DIR Determination"). Dkt. 184-1. The DIR Determination required companies working on such projects to pay specific rates to designated Trust Funds, one of which was the Jobs Fund. Plaintiff alleges that "Smith-Emery works on public works projects" and is therefore required to make contributions to the Jobs Fund pursuant to the DIR Determination. Plaintiffs also submitted a copy of an Agreement and Declaration of Trust between SCCA and Local 12 regarding the Operating Engineers' Workers' Compensation Trust Fund (the "WCT Agreement"). Dkt. 187 Ex. G. The WCT Agreement requires employers to "contribute to the [Workers' Compensation Trust] the amount specified in the [defendant's] Collective Bargaining Agreement." Dkt. 187-2. Plaintiff contends that defendant became bound by the WCT agreement upon joining SCCA.

     The Court finds that plaintiffs have sufficiently established that defendant is obligated to make certain fringe benefit contributions to all ten Trust Funds pursuant to the various applicable agreements and governing regulations. The MILA requires employers to make fringe benefit contributions to the Vacation-Holiday Fund, the Health Fund, and the Pension Fund "for all straight-time or overtime hours worked or paid each employee under this Agreement." Dkt. 139-3 (Articles IX, XII, XIII). It further requires employers to make contributions to the Training Fund "for each hour worked or paid each employee under this Agreement." Id. (Article XV). Employers are also required to contribute to the Contract Compliance Committee Fund "for all hours worked or paid to the Engineers Contract Compliance Committee." Id. (Article XVI). They also must contribute to the Contract Administration Fund and the Industry Advancement Fund based on "each hour compensated to Operating Engineers employed . . . under this Agreement." Id. (Article XX). SCCA signed a new MILA in 2019 (the "2019 MILA") that additionally requires employers to "make payments to the [Defined Contributions Fund] for all straight-time or overtime hours worked or paid each employee under this Agreement." Dkt. 139-5 (Article XIII). The DIR Determination appears to require contributions to the Jobs Fund, and the WCT Agreement requires defendant to make

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| | | | |
|---|---|---|---|
| Case No. | 2:19-CV-04058-CAS-AFMx | Date | December 8, 2023 |
| Title | TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST ET AL V. SMITH-EMERY COMPANY | | |

contributions to the Workers' Compensation Trust. Accordingly, as explained in the Court's order regarding defendant's motion for leave to amend its answer, defendant is precluded from arguing that it is entitled to an offset for contributions based on alleged overpayments into the Trust Funds to which it allegedly owes no obligations.

The Court finds that there are genuine disputes of material fact regarding multiple issues in this case, such that summary judgment is inappropriate. The parties disagree on the scope of covered work in the audits at issue; the accuracy and reliability of plaintiffs' audits; whether defendant owes contributions for travel time; and whether defendant effectively terminated the CBA in 2016. These are questions for the jury and should not be decided by the Court at this juncture. Accordingly, the Court **DENIES** plaintiff's motion for summary judgment.

### V.     CONCLUSION

In accordance with the foregoing, the Court **DENIES** defendant's motion to stay litigation pending conclusion of grievance/arbitration as **MOOT**. The Court **GRANTS in part and DENIES in part** defendant's motion for partial summary judgment. Plaintiffs may not pursue claims for (1) work that SEL performed pursuant to direct contracts; (2) work defendant subcontracted to signatory employees; and (3) off-site concrete batch work performed prior to March 2017. However, at this juncture, plaintiffs may still pursue claims for contributions based on covered employees' travel time. The Court **DENIES** plaintiffs' motion for summary judgment.

| | 00:00 |
|---|---|
| **Initials of Preparer** | CMJ |